1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    PENIFOTI TAEOTUI,                              Civil No.    13cv2125 LAB (DHB)
      CDCR #G-46032,
12
                                                     **ORDER:**
13                              Plaintiff,
                                                     **(1) GRANTING PLAINTIFF'S**
14                                                   **MOTIONS TO PROCEED**
                                                     ***IN FORMA PAUPERIS***
15           vs.                                     **[ECF Doc. Nos. 2, 4]**

16                                                   **AND**

17    SAN DIEGO COUNTY REGISTRAR OF               **(2)  SUA SPONTE DISMISSING**
      RECORDS DEPARTMENT,                             **AMENDED COMPLAINT FOR**
18                                                   **FAILING TO STATE A CLAIM**
                                                     **PURSUANT TO**
19                              Defendant.            **28 U.S.C. § 1915(e)(2)(B)**
                                                     **AND § 1915A(b)**
20                                                   **[ECF Doc. No. 3]**

21

22           Penifoti Taeotui  ("Plaintiff"), currently incarcerated at Kern Valley State Prison

23    ("KVSP") in Delano, California, and proceeding pro se, has initiated this civil action

24    seeking "federal injunctive relief" pursuant to the Freedom of Information Act ("FOIA"),

25    5 U.S.C. § 552a, and FED.R.CIV.P. 60(b).

26           Plaintiff seeks "to be released from prison," on grounds that Rule 60(b)(5)

27    provides him with a mechanism by which he may "attack judgments already deemed

28    / / /

final." *See* Amend. Compl. (ECF Doc. No. 3) at 2.[1]  While altogether unclear, it appears Plaintiff seeks the disclosure of "criminal bond information" from the San Diego County Registrar of Records related to the state court proceedings which resulted in his conviction.  *Id.* at 1, 3 (citing San Diego Superior Court Case No. SCN 222540).

Plaintiff has not prepaid the $400 civil filing fee required to commence a civil action pursuant to 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2), as well as a Supplemental Motion to Proceed IFP (ECF Doc. No. 4), which includes the certified trust account certification required by 28 U.S.C. § 1915(b).

## I.    MOTIONS TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee.  *See* 28 U.S.C. § 1914(a).[2]  An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the six-month

---

[1]  Plaintiff submitted an Amended Complaint (ECF Doc. No. 3) as a matter of course pursuant to FED.R.CIV.P. 15(a)(1) before the Court had an opportunity to screen his original pleading.  While an amended pleading supersedes the original, both Plaintiff's original Complaint (ECF Doc. No. 1) and his Amended Complaint (ECF Doc. No. 3) are identical. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

[2]  In addition to the $350 statutory fee, all parties filing civil actions *on or after May 1, 2013*, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP motions, Plaintiff has submitted the certified copies of his trust account statements required by 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ LR 3.2. *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account statements, as well as the attached certificate of funds issued by a trust account official at KVSP where he is currently incarcerated verifying his account history and available balances. Plaintiff's statements show an average monthly balance of $5.89, average monthly deposits of $49.49, and an available balance of $1.17 at the time it was submitted to the Court for filing.  Based on this financial information, the Court GRANTS Plaintiff's Motions to Proceed IFP (ECF Doc. Nos. 2, 4) and assesses an initial partial filing fee of $9.89 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed pursuant to the directions set forth below.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based

1  solely on a "failure to pay ... due to the lack of funds available to him when payment is

2  ordered.").  The remaining balance of the $350 total owed in this case shall be collected

3  and forwarded to the Clerk of the Court pursuant to the installment payment provisions

4  set forth in 28 U.S.C. § 1915(b)(1).

5  ## II.   INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)

6       Notwithstanding IFP status or the payment of any partial filing fees, the PLRA

7  also obligates the Court to review complaints filed by all persons proceeding IFP and by

8  those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,

9  sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

10  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

11  practicable after docketing."  See 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these

12  provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions

13  thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from

14  defendants who are immune.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v.*

15  *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v.*

16  *Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

17       All complaints must contain "a short and plain statement of the claim showing that

18  the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(2).  Detailed factual allegations are

19  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

20  mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

21  (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Determining

22  whether a complaint states a plausible claim for relief [is] ... a context-specific task that

23  requires the reviewing court to draw on its judicial experience and common sense." *Id.*

24  The "mere possibility of misconduct" falls short of meeting this plausibility standard.

25  *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

26       "When there are well-pleaded factual allegations, a court should assume their

27  veracity, and then determine whether they plausibly give rise to an entitlement to relief."

28  *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

## A.   Freedom of Information Act

Plaintiff first invokes jurisdiction in this case under the "Freedom of Information Act" (FOIA) and pursuant to 5 U.S.C. 552(a)(4)(B).[3]  *See* Amend. Compl. (ECF Doc. No. 3) at 1.

The FOIA "provides for the mandatory disclosure of information held by federal agencies, unless the requested material is exempt from mandatory disclosure." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 220-21 (1978).  Upon request, FOIA mandates disclosure of records held by a federal agency unless the documents fall within certain enumerated exemptions. *Dep't of Interior v. Klamath Water Users Protective Assoc.*, 532 U.S. 1, 8 (2001).

In this case, Plaintiff's attempt to seek injunctive relief under the FOIA against the "San Diego County Registrar of Records Department" necessarily fails to state a claim because the statute only applies to federal agencies. *See* 5 U.S.C. §§ 552a(a)(1), 552(f). Neither the County of San Diego, the County Clerk, or the Clerk of Court, any of which

---

[3]   Pursuant to 5 U.S.C. § 552(a)(4)(B), the district court has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly held from the complainant." 5 U.S.C.A. § 552(a)(4)(B) (West 2010).

might retain the "criminal bond information" Plaintiff seeks, is a federal agency.[4]  The definition of "agency" under the FOIA simply does not encompass state agencies or bodies, even if they are alleged to receive federal funds subject to federal regulation.  *See St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373-74 (9th Cir. 1981); *see also* 5 U.S.C. § 552(f)(1) (providing that "'agency' as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency."); *Hammerlord v. City of San Diego*, 2012 WL 5388919 at *5 (S.D. Cal. Nov. 2, 2012) (unpub.) (dismissing FOIA claims because "[n]either the City of San Diego nor the SDPD (San Diego Police Dept.) is a federal agency.").

## B.  FED.R.CIV.P. 60(b)(4) & (5)

Plaintiff also cites FED.R.CIV.P. 60(b) as a basis for "discharg[ing] [him] from his current ... obligation" and "releas[ing] [him] from prison."  *See* Amend. Compl. at 2.  Rule 60 is a Federal Rule of Civil Procedure that, under certain circumstances, can provide a party in a federal *civil* action relief from a judgment or order.  FED.R.CIV.P. 60(a), (b).  The Federal Rules of Civil Procedure, by their own terms, apply only to civil actions.  *See* FED.R.CIV.P. 1 (stating that "these rules govern the procedure ... in all suits of a civil nature").  "[A]n action under Rule 60(b) of the Federal Rules of Civil Procedure cannot be used to collaterally attack a criminal conviction."  *Dubin v. Real*, 191 Fed. Appx. 528, 530, 2006 WL 1876846 at *1 (9th Cir. 2006) (unpub. table disp.) (noting that "[e]very circuit that has addressed the question has agreed that a defendant may not bring an action for fraud upon the court to collaterally attack a criminal

---

[4]  Prior to amendment by the California legislature in 2002, Section 4, Art. VI of the California Constitution provided that the "county clerk is ex officio clerk of the superior court in the county."  *See Zumwalt v. Superior Court of San I Diego*, 49 Cal.3d 167, 175 (Cal. 1989) (in bank) (citing former CAL. GOV'T CODE § 69898).  Effective January 1, 2003, § 69898 was superseded by CAL. GOV'T CODE § 69840, which relieved the county clerk of the "powers, duties, and responsibilities required or permitted to be exercised by the county clerk in connection with judicial actions, proceedings, and records" and vested those powers, duties, and responsibilities in the clerk of court instead.  *See* 2 WITKIN, CAL. PROC. 5TH, COURTS, § 360 at 460 (2008).

conviction.") (citing *United States v. O'Keefe*, 169 F.3d 281, 285 (5th Cir. 1999) (noting that Supreme Court precedent "certainly does not require or contemplate that Rule 60(b)(6) [for fraud upon the court] ... be applied in criminal cases"); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("We hold that the defendant cannot challenge the criminal forfeiture orders at issue under the Federal Rules of Civil Procedure.... Rule 60(b) simply does not provide for relief from judgment in a criminal case ...."); *see also United States v. Diaz*, 2003 WL 22434557 (6th Cir. 2003) (same); *United States v. Gross*, 2003 WL 21978748 (4th Cir. 2003) (same); *United States v. Ramsey*, 106 F.3d 404, 1997 WL 14152 (7th Cir. 1997) (same).

### III.   CONCLUSION AND ORDER

Good cause appearing, IT IS HEREBY ORDERED that:

1.   Plaintiff's Motions to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. Nos. 2, 4) are GRANTED.

2.   The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect the $9.89 initial filing fee assessed by this Order from Plaintiff's prison trust account, and shall forward the remaining $340.11 balance of the full fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.   The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

IT IS FURTHER ORDERED that:

4.   Plaintiff's Amended Complaint (ECF Doc. No. 3) is DISMISSED without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and

1915A(b).  However, Plaintiff is GRANTED forty five (45) days leave from the date this Order is entered into the Court's docket in which to re-open the case by filing a Second Amended Complaint.   Plaintiff's Second Amended Complaint must identify an appropriate basis for federal jurisdiction, and if possible, address the deficiencies of pleading noted in this Order. Plaintiff's Second Amended Complaint must also be complete in itself without reference to either his original or his First Amended Complaint. *See* S.D. CAL. CIV LR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.").

Should Plaintiff *fail* to file a Second Amended Complaint within the time provided, this case shall remain closed and the action shall remain dismissed without prejudice based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

DATED:  March 3, 2014

**HONORABLE LARRY ALAN BURNS**
United States District Judge